# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT ANDREW REED, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PJM-16-3472 |
| JOHN WOLFE and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending before the Court is self-represented Petitioner Robert Andrew Reed's Petition for Writ of Habeas Corpus, alleging that his term of confinement was incorrectly calculated, causing his illegal incarceration beyond the term of his sentence and seeking his release. Respondents have filed an Answer seeking dismissal of the Petition, arguing that it is unexhausted and without merit. Reed filed a Reply with his affidavit. Having considered the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth in this Memorandum Opinion, the Court will deny and dismiss the Petition.

## BACKGROUND

Reed was convicted in the Circuit Court for Prince George's County, Maryland of second degree sex offense and assault and battery. *State v. Reed*, Case No. CT922030X (Cir. Ct. Prince George's Cty. 1993). On April 27, 1993, the Circuit Court sentenced Reed to twenty-years of incarceration with all but 12 years suspended to begin on November 15, 1992, pursuant to his conviction for second degree sex offense. Additionally, the Circuit Court imposed a 3-year sentence to run consecutively to the 12 year sentence for assault and battery. Further, the Court imposed a probation for five years upon Reed's release. Reed's term of confinement had a

maximum expiration date of November 15, 2007. ECF No. 11-1 at p. 2; ECF 11-2 at p. 7; *see also* Maryland Judiciary Case Search website; http://casesearch.courts.state.md.us (viewed on September 18, 2019). Reed was released on mandatory supervision on May 16, 2007. ECF No. 11-4 at 2.

In 2008, Reed was charged in the Circuit Court for Prince George's County with violating his probation, and on November 13, 2008, the case was dismissed and he was directed to "report to the District of Columbia."[1] ECF No. 11-2 at p. 27. In 2009, Reed was charged in the Superior Court of the District of Columbia with first degree child sex abuse, stalking, threat to injure or kidnap a person, and obstructing justice. On May 21, 2010, Reed was sentenced to serve concurrent terms totaling five years for stalking, threat to kidnap or injure and obstruction of justice. *See United States v. Reed*, Case No. CF1 015815 (D.C. Superior Ct.).[2]

On September 8, 2016, the Circuit Court for Prince George's County determined that Reed had violated his probation and sentenced him to serve 10 years to begin on June 1, 2010, accounting for six-years, 99 days of time spent incarcerated prior to sentencing under Md. Code Ann., Crim. Pro. Art. § 6-128. ECF No. 11-5; ECF No. 11-8 at p. 2. Reed's 10-year term of confinement expires on June 1, 2020. ECF No. 11-8.

Reed alleges his sentence was incorrectly calculated because he is "under the old 1/3 law" and his mandatory release date was August 31, 2016. ECF No. 1 at p. 8. Reed, however, does not explain or cite authority to identify this law, nor does he provide facts to substantiate his purported release date. Reed also claims that he "can only do 6 years and 4 months on 10 years." *Id.*

---

[1] *See* http://casesearch.courts.state.md.us (viewed on September 18, 2019). a court may take judicial notice of relevant public records. *Philips v. Pitt Cnty Mem. Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009).

[2] *See* https://eaccess.dccourts.gov (viewed September 18, 2019).

## DISCUSSION

**I.     Exhaustion**

Before seeking federal habeas corpus relief, Petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Court of Special Appeals of Maryland and, where appropriate, the Court of Appeals of Maryland. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

A petitioner may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office. *See generally Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501 (Md. 2000); Md. Code Ann., Corr. Servs. § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id.* at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id.* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). Petitioner may thereafter seek review in the Court

of Special Appeals of Maryland by application for leave to appeal, *id.* at § 10-210(c)(2), and, if the Court of Special Appeals of Maryland grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Court of Appeals of Maryland by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

A prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997) (abrogated on other grounds by *Moats v. Scott*, 751 A. 2d 462 (Md. 2000) ). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Court of Special Appeals of Maryland and may thereafter seek *certiorari* in the Court of Appeals of Maryland. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. 2003); *Jones v. Filbert*, 843 A.2d 908 (Md. App. 2004).

When Reed filed this Petition on October 17, 2016, he provided no evidence that he had exhausted his claims administratively or before the state courts. ECF No. 1 at pp. 3-5, 7; ECF No. 11-2 at pp. 2, 16. Reed states in his Reply that on November 2, 2016, he sent a petition to the state court, which was "forwarded to the U.S. federal Court." ECF No. 12 at p. 12. He does not address the issue of exhaustion or explain the contents of that petition. In any event, even if this Petition were exhausted, he provides no grounds for federal habeas review.

II. **Calculation of Sentence**

Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v.*

4

*Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

An inmate committed to the custody of the Maryland Division of Correction (DOC) may be awarded diminution credits for: 1) good conduct; 2) work tasks; 3) education or special projects. Md. Code Ann., Corr. Serv. Art §§ 3-703- 3-707; *see also* COMAR 12.02-06-04. Good conduct and special project credits may be revoked if the inmate violates institutional disciplinary rules. Md. Code Ann.,Corr. Serv. Art. §3-709(a); *see also* COMAR 12.02.06.05. In his Reply, Reed seems to object to the revocation of these credits, stating that this constitutes "fraud/discrimination" and denial of his rights under the equal protection clause. ECF No. 12 at p. 3. Maryland law provides that good conduct and special project credits may be revoked for disciplinary rule violations, and Reed asserts no facts, nor does the record evidence suggest facts to support his conclusory assertion that these credits were unlawfully revoked. [3]

---

[3] In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371,

## CONCLUSION

For these reasons, the Court will in a separate Order to follow, deny and dismiss the Petition for a Writ of Habeas Corpus and finds no grounds to issue a Certificate of Appealability.[4]

                                                                                              _____/s/_____
                                                                      PETER J. MESSITTE
September 19, 2019                    UNITED STATES DISTRICT JUDGE

---

1376 (E.D. Va. 1980). The findings will be disturbed only when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). Here, Reed alleges no facts to suggest diminution credits were rescinded in violation of his rights to procedural and substantive due process.

[4] *See* Rule 1(b) and Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. folio.